## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ALIDA RODRIGUEZ,

              Plaintiff,

    v.

MOUNT AIRY #1, LLC, d/b/a MOUNT
AIRY CASINO RESORT,

           Defendants.

CIVIL ACTION NO. 3:24-CV-00836

(MEHALCHICK, J.)

### MEMORANDUM

Plaintiff Alida Rodriguez ("Rodriguez") initiated this action by filing a complaint against Defendant Mount Airy #1 LLC d/b/a Mount Airy Casino Resort ("Mount Airy") on August 22, 2023. (Doc. 1). Before the Court are Mount Airy's motion for summary judgment and motion to strike the affidavit of Rodriguez's counsel, Michael N. David, Esq. (Doc. 24; Doc. 31). For the reasons provided herein, Mount Airy's motion to strike the affidavit of Rodriguez's counsel is **GRANTED in part and DENIED in part** (Doc. 31), and Mount Airy's motion for summary judgment is **GRANTED**. (Doc. 24).

## I.  BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the parties' statements of material facts and responses thereto.[1] (Doc. 25; Doc. 29). Mount Airy owns and operates the Mount Airy

---

[1] Pursuant to Local Rule 56.1, the Court accepts as true all undisputed material facts supported by the record. Where the record evinces a disputed fact, the Court will take notice. *See* M.D. Pa. L.R. 56.1. Local Rule 56.1 provides that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party]. . . as to which it is contended that there exists a genuine issue to be tried."

Casino, which Rodriguez visited on August 28, 2021. (Doc. 25, ¶¶ 4, 7, 2). While exiting the Casino, Rodriguez's alleges that her shoe got partially stuck in the metal flooring causing her to trip and fall. (Doc. 25, ¶ 2). At her deposition, Rodriguez testified that as she was exiting the Casino, she tripped over a piece of plastic or metal that was sticking out of the middle of the automatic door. (Doc. 25, ¶ 7). Rodriguez also testified that when she fell, the front of her right sneaker became trapped in the door and her foot came out of the right sneaker. (Doc. 25, ¶ 11). While Rodriguez could not describe the condition of the plastic or metal she allegedly tripped on, she testified that a piece of the doorway "stuck up like a fork." (Doc. 25, ¶ 16). After the incident, Rodriguez took no photographs of the plastic or metal, but video surveillance captured Rodriguez's fall. (Doc. 25, ¶ 8-9).

Rodriguez alleges that the fall caused her to sustain great bodily injuries with accompanying pain. (Doc. 25, ¶ 20). Rodriguez allegedly sustained an "aggravation of right foot extosis condition" and "aggravation of prior right foot dorsal exostectomy" accompanied by "severe pain, discomfort, tenderness, swelling, inflammation, contusions, discoloration, hematomas, abrasions, weakness, instability, anxiety, [and] right tenseness." (Doc. 25, ¶ 21). Rodriguez's medical records show that she was treating for these injuries prior to the August

---

Local Rule 56.1 also provides that the statement of material facts required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party. Rodriguez's response denies five of Mount Airy's statements of fact. (Doc. 29). The Court construes the statements of fact that Rodriguez did not address or object to as undisputed and accepts them as true. *See* M.D. Pa. L.R. 56.1; *Bonner v. United States*, No. 4:24-CV-00840, 2025 WL 694461, at * 1 n.2 (M.D. Pa. March 4, 2025) (finding that failure to respond to the moving party's statements of fact results in admission); *United States v. Alberto*, No. 3:18-CV-1014, 2020 WL 730316, at *2 (M.D. Pa. Feb. 13, 2020) (finding same). The facts have been taken in the light most favorable to the non-moving party with respect to the motion for summary judgment. *See* M.D. Pa. L.R. 56.1.

28th fall, and that she had a follow up appointment for these injuries ten days before the August 28th fall. (Doc. 25, ¶ 22). At that follow up appointment, Rodriguez complained that she was having more pain in her right foot than she had prior to a surgery on her right foot. (Doc. 25, ¶ 23). Rodriguez did not seek new doctors or undergo any particular medical treatment for her August 28th fall, but she continued to see her pre-incident physicians for chronic foot complaints. (Doc. 25, ¶¶ 24-28).

On August 22, 2023, Rodriguez initiated this action by filing a complaint against Mount Airy in the Eastern District of Pennsylvania. (Doc. 1). Therein she alleges a claim of negligence. (Doc. 1). On May 20, 2024, the Eastern District of Pennsylvania ordered the transfer of this case to the Middle District of Pennsylvania. (Doc. 9). On April 2, 2025, Mount Airy filed a motion for summary judgment, brief in support, and statement of facts. (Doc. 24; Doc. 25; Doc. 26). On April 22, 2025, Rodriguez filed an affidavit of her counsel, Michael N. David, Esq. (the "Affidavit"), with her brief in opposition to Mount Airy's motion for summary judgment and response to Mount Airy's statement of the facts attached. (Doc. 27). On April 23, 2025, at the Court's request, Rodriguez refiled her brief in opposition and response to Mount Airy's statement of the facts as separate documents. (Doc. 28; Doc. 29). The Affidavit was never refiled separately. On May 8, 2025, Mount Airy filed its reply brief to Rodriguez's brief in opposition. (Doc. 30). On May 8, 2025, Mount Airy also filed a motion to strike the Affidavit and a brief in support. (Doc. 31). On June 2, 2025, Rodriguez filed her brief in opposition to Mount Airy's motion to strike the Affidavit. (Doc. 35). On June 5, 2025, Mount Airy filed its reply brief to Rodriguez's brief in opposition to its motion to strike. (Doc. 37).

II.    STANDARD OF REVIEW

A.  MOTION FOR SUMMARY JUDGMENT

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249.

Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* *477 U.S. at 249*.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, *477 U.S. 317, 323 (1986)*. If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. *Fed. R. Civ. P. 56(c)*; *Celotex, 477 U.S. at 324*. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex, 477 U.S. at 323*. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony. . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

## III.    DISCUSSION

### A.    THE AFFIDAVIT WILL BE CONSIDERED IN PART.

On April 22, 2025, Rodriguez filed the Affidavit at issue, with her brief in opposition to Mount Airy's motion for summary judgment and response to Mount Airy's statement of the facts attached. (Doc. 27). On April 23, 2025, at the Court's request, Rodriguez refiled her brief in opposition and response to Mount Airy's statement of the facts as separate documents. (Doc. 28; Doc. 29). The Affidavit was never refiled separately. Mount Airy now moves to strike the Affidavit. (Doc. 31).

Mount Airy contends that the Court should strike the Affidavit from the record because the Affidavit is composed of conclusory declarations that are not based on personal knowledge and are devoid of facts. (Doc. 32, at 2-4). Rodriguez counters that the Affidavit can be incorporated into her opposition to Mount Airy's summary judgment motion because the Affidavit contains the same facts and arguments that are in her brief in opposition, except for paragraphs 12-15 of the Affidavit and Exhibits 3 and 4 attached thereto. (Doc. 35, at 1-2). Paragraphs 12-15 of the Affidavit concern Rodriguez's injuries, Exhibit 3 is a photograph of Rodriguez's injuries, and Exhibit 4 is copies of Rodriguez's medical records related to her injuries. (Doc. 27, ¶¶ 12-15). Rodriguez argues that paragraphs 12-15 and Exhibits 3 and 4 should be incorporated into her brief in opposition because they could have originally been included in the brief in opposition, and their incorporation would not prejudice Mount Airy. (Doc. 35, at 2).

Prior to the 2010 amendments to Federal Rule of Civil Procedure 56, lawyers customarily challenged summary judgment affidavits through motions to strike, even though Rule 56 makes no mention of motions to strike, and Rule 12(f) concerns striking pleadings, not motions or supporting materials. *Security and Data Tech., Inc., v. School Dist. of Phila.*, 145 F. Supp. 3d 454, 432 n.7 (E.D. Pa. 2015) (citing *Ankney v. Wakefield*, 2012 WL 1633803, at *1

(W.D. Pa. May 8, 2012)); Fed. R. Civ. P. 56; Fed. R. Civ. P. 15(f). Many courts presented with motions to strike after the 2010 amendments construe motions to strike as objections under Federal Rule of Civil Procedure 56(c)(2). *Walsh v. East Penn Mfg. Co., Inc.*, 555 F. Supp. 3d 89, 138 (E.D. Pa. 2021); *Security and Data Tech., Inc., v. School Dist. of Phila.*, 145 F. Supp. 3d 454, 432 n.7 (E.D. Pa. 2015); *Ankney v. Wakefield*, 2012 WL 1633803, at *1 (W.D. Pa. May 8, 2012)); *see* Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. . . [t]here is no need to make a separate motion to strike"). The current version of Rule 56 provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Therefore, the Court construes Mount Airy's motion to strike as an objection and considers the parties' substantive arguments regarding the admissibility of the Affidavit and exhibits thereto.

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." As declarations must be based on personal knowledge, to the extent that an affiant's statements are made upon information and belief or are conclusory and lacking in specific facts, they may not be considered for the purposes of a summary judgment motion. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (citing *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 789-90 (3d Cir. 1978)); *APT Pittsburgh Ltd, P'ship v. Lower Yoder Twp.*, 111 F. Supp. 2d 664, 669 (W.D. Pa. 2000); *Lowe v. Philadelphia Newspapers, Inc.*, 594 F.

Supp. 123, 127 (E.D. Pa. 1984); *see also Tumpa v. IOC-PA-US-RSM Enterprises*, No. 2:17-cv-00625, 2018 WL 3862091, at *2 (W.D. Pa. Aug. 14, 2018) (collecting cases).

As declarations must set out facts that would be admissible in evidence, questions of admissibility at trial are determined by the Federal Rules of Evidence. *Hawk v. Brosha*, 590 F. Supp. 337, 340 (E.D. Pa. 1984) (citing Wright A. Miller & M. Kane, 10A Federal Practice and Procedure § 2738) (finding hearsay statements are inadmissible and therefore do not suffice to create an issue of material fact under Rule 56). According to Federal Rule of Evidence 701, opinion testimony is limited to testimony that is helpful to a factfinder, and, as factfinders do not decide questions of law, legally conclusive statements applying law to facts are inadmissible at summary judgment. *VIM, Inc. v. Somerset Hotel Ass'n*, 19 F. Supp. 2d 422, 428 n. 4 (W.D. Pa. 1998)*; York Int'l Corp. v. Liberty Mut. Ins. Co.*, No. 1:10-CV-0692, 2015 WL 416291, at *7 (M.D. Pa. July 9, 2015); *Trasnsportes Aereaos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009)).

Because an affiant or declarant must be competent to testify on the matters stated, Rule 3.7(a) of the Pennsylvania Rules of Professional Conduct prohibits an attorney from "act[ing] as an advocate at a trial in which the lawyer is likely to be a necessary witness." Local Rule 43.1 likewise provides that "[i]f an attorney for any party becomes a witness on behalf of a client and gives evidence upon the merits of the case the attorney shall forthwith withdraw as counsel unless, upon motion, permitted to remain as trial counsel by the court." A risk of confusion arises when an attorney testifies as a witness because jurors may be unable to distinguish the attorney's testimony from his advocacy. Pa. R. Prof'l Conduct 3.7 cmt. 2; *see also Robinson v. Hicks*, No. 1:07-CV-1751, 2009 WL 1140093, at *2 (M.D. Pa. April 28, 2009).

Here, the only portions of the Affidavit that are not already incorporated into Rodriguez's briefing or included in the record are paragraphs 12-15 and Exhibit B to the Affidavit.[2] (Doc. 27, ¶¶ 12-15; Doc. 27-4; Doc. 35, at 2). Paragraphs 12-15 of the Affidavit should not be considered by the Court for summary judgment because the Affidavit is not based on Michael N. David, Esq.'s ("David") personal knowledge but based on David's "familiar[ity] with the facts" as attorney for Rodriguez. (Doc. 27, ¶ 1); *see* Fed. R. Civ. P. 56(c)(4); *see Lowe v. Philadelphia Newspapers, Inc.*, 594 F. Supp. 123, 126 (E.D. Pa. 1984) ("[Rule 56(c)(4)] mandates that affidavits submitted in opposition to a motion for summary judgment must state that they are based upon 'personal knowledge' of the affiant."); *see APT Pittsburgh Ltd, P'ship v. Lower Yoder Twp.*, 111 F. Supp. 2d 664, 669 (W.D. Pa. 2000) ("statements made only on belief or on information and belief may not be considered [for summary judgment]); *see also Carey v. Beans*, 500 F. Supp. 580, 583 (E.D. Pa. 1980) ("courts have held that affidavits must be made upon personal knowledge. . ., devoid of hearsay, conclusory language and statements which purport to examine thoughts as well as actions."). Even if the Affidavit was based on David's personal knowledge, David could not testify on the matters stated because Rule 56(c)(4) requires an affiant to be competent to testify at trial, and under both the Pennsylvania Rules of Professional Conduct and the Court's local rules,

---

[2] As the facts and arguments in paragraphs 1-11 of the Affidavit are already incorporated in Rodriguez's brief in opposition, the Court will not consider paragraphs 1-11 of the Affidavit in its summary judgment analysis and instead consider Rodriguez's brief and the record. *In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) ("the contents of defense counsel's Affidavit could be considered by us in deciding this motion notwithstanding our granting of this motion to strike, since the subjects covered are already in the record and we are required to consider all evidence in the record including the depositions pursuant to Fed. R. Civ. P. 56(c)"). Likewise, the Court will consider Exhibit B to Mount Airy's motion for summary judgment, a photograph of Rodriguez's injuries, over Exhibit A to the Affidavit, an identical copy of the photograph. (Doc. 27-3; Doc. 24-3); *In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988).

an attorney is generally not permitted to become a witness on behalf of their client. Fed. R. Civ. P. 56(c)(4); Pa. R. Prof'l Conduct 3.7; Pa. M.D. LR 43.1; *see Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Corp. Inc.*, 546 F.2d 530, 538 (3d Cir. 1976); *see Lowell v. Wantz*, 85 F.R.D. 290, 291-92 (E.D. Pa. 1980); *see also Robinson v. Hicks*, No. 1:07-CV-1751, 2009 WL 1140093, at *2 (M.D. Pa. April 28, 2009).

Exhibit B to the Affidavit consists of Rodriguez's medical records, that are not otherwise included in the record. (Doc. 27-4). As these medical records speak for themselves and serve to achieve a better understanding of Rodriguez's claims, their inclusion in the record promotes just disposition of this litigation. *See Cestra v. Mylan, Inc.*, No. CIV.A. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009)) (denying motion to strike where allegations "could possibly serve to achieve a better understanding of plaintiff's claims"); *see also McCarrin v. Pollera*, No. 17-1691, 2019 WL 1979617, at *6 (E.D. Pa. 2019) (denying motion to strike pension plan documents that would help determine a "fact of consequence"). Medical records can be presented as admissible evidence, and, therefore, do not run afoul of Rule 56(c)(2), which requires materials cited to support or dispute a fact to be in a form that would be admissible in evidence. Fed. R. Evid. 803(6); Fed. R. Civ. P. 56(c)(2); *see Neebe v. Ravin Crossbows*, LLC, 532 F. Supp. 3d 253, 258 (E.D. Pa. 2021) (finding medical records can be presented in admissible forms of evidence and can be considered at the summary judgment stage); *see Rosado v. Doe Law Librarian*, 3:18-CV-601, 2022 WL 4647346, at *8 (M.D. Pa. Sept. 30, 2022) (finding same). Accordingly, Mount Airy's motion to strike the Affidavit is **GRANTED in part and DENIED in part**. (Doc. 31). The Court will not consider paragraphs

12-15 of the Affidavit in its summary judgment analysis (Doc. 27, ¶¶ 12-15), but the Court will consider Exhibit B to the Affidavit in its summary judgment analysis. (Doc. 27-4).

    B. MOTION FOR SUMMARY JUDGMENT

    Rodriguez alleges that Mount Airy is liable because while leaving Mount Airy's premises, Rodriguez's shoe got partially stuck in a defect in the metal flooring of the door threshold, causing her to trip and fall. (Doc. 1, ¶ 9). Mount Airy submits there is no evidence that such a defect existed on the date of the subject incident. (Doc. 26, at 4). Mount Airy contends that even if there was evidence of a defect, Rodriguez presents no evidence that Mount Airy had actual or constructive notice of the defect. (Doc. 26, at 12-13). Mount Airy also avers that there is no evidence that Rodriguez's injuries were proximately caused by her fall.[3] (Doc. 26, at 7). Rodriguez contends that the surveillance video clearly depicts that Rodriguez's foot was trapped in a metal/plastic defect in the main exit floor. (Doc. 28, at 1). Rodriguez further contends that summary judgment is not appropriate because Mount Airy failed to show evidence that they inspected the main exit door or that they warned Rodriguez of the dangerous condition and because Mount Airy's constructive notice of the defect is a question of fact for the jury. (Doc. 28, at 1-2).

    Under Pennsylvania law, to establish negligence, a "plaintiff must show: (1) that the defendant owed him a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual injury."

---

[3] As discussed *infra* Section III.B., the Court finds that Mount Airy did not breach a duty owed to Rodriguez. As the Court finds no material dispute of fact on breach of duty, the second element of a negligence claim, the court need not address causation, the fourth element of a negligence claim. *See e.g.*, *Craig v. Franklin Mills Associates, L.P.*, 555 F. Supp. 3d 547, 555 (E.D. Pa. 2008); *Felix v. GMS, Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 443 (E.D. Pa. 2011).

*Howard v. United States*, 488 F. App'x 576, 578 (3d Cir. 2012) (citing *Pittsburgh Nat'l Bank* v. *Perr*, 637 A.2d 334, 336 (1994)); *Nw. Mut. Life Ins. Co.* v. *Babayan*, 430 F.3d 121, 139 (3d Cir. 2005). A possessor of land has a duty to protect invitees from foreseeable harm and can be held liable for negligence when a condition on the land causes physical harm to invitees on the land. *Craig v. Franklin Mills Associates, L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (citing *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)); *Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 152 (3d Cir. 2001). "An 'invitee' includes 'a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *DeBiase v. Hersheypark*, No. 4:06-CV-1278, 2007 WL 4095611, at *5 (M.D. Pa. Nov. 15, 2007) (quoting *Cresswell v. End*, 831 A.2d 673, 675-76 (Pa.Super.Ct. 2003)). Here the parties agree that Rodriguez is an invitee.[4] (Doc. 26, at 12-13; Doc. 28, at 1-2).

If a property's dangerous conditions cause injury to invitees on the property, the possessor of the property is liable for those injuries if they:

> (a) know[] or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that [invitees] will not discover or realize the danger, or will fail to protect themselves against it, and

---

[4] Rodriguez asserts that she is a public invitee rather than a business visitor, and therefore, Mount Airy owed her a higher duty of care. (Doc. 28, at 1). An "invitee" is either a public invitee or a business visitor. Restatement (Second) Torts § 332(1). A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. Restatement (Second) Torts § 332(2). A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement (Second) Torts § 332(3). Here, this distinction immaterial because public invitees and business visitors are owed the same duty of care from possessors of land. *See* Restatement (Second) of Torts § 343; *see Grantham v. United States*, 2008 WL 4083922, at *7 (E.D. Pa. 2008); *see also Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 655-56 (Pa. Super. Ct. 2002).

(c) [the possessor of land] fails to exercise reasonable care to protect [invitees] against the danger.

*Kirschbaum*, 243 F.3d at 152*;* Restatement (Second) of Torts § 343.

Pennsylvania courts require a plaintiff to show the existence of a harmful condition in addition to the defendant's notice of such a condition. *Daniels v. Sears & Sears Roebucks Co.*, No. 15-4821, 2016 WL 521205, at *7 (E.D. Pa. Feb. 10, 2016) (citing *Canton v. Kmart Corp.*, 471 F. App'x 79, 83 (3d Cir. 2012)). Knowledge of an unreasonably dangerous condition can be established by showing that the possessor or its employees caused the condition, or that the possessor had actual or constructive notice of the condition. *Estate of Swift v. Northeastern Hosp.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997); *Pace v. Wal-Mart Stores East, LP*, 799 Fed. Appx. 127, 130 (3d Cir. 2020). Actual notice exists when the possessor is aware of a hazardous condition. *Felix v. GMS, Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 437 (E.D. Pa. 2011). "Where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition." *Moultrey v. Great A&P Tea Co.*, 442 A.2d 593, 596 (Pa. Super. Ct. 1980); *Hendershot v. Walmart, Inc.*, No 5:21-cv-02422, 2022 WL 2669298, at *3 (E.D. Pa. July 11, 2022). Constructive notice exists when the dangerous condition existed for long enough that, in exercising ordinary care, the possessor should have been aware of the condition. *Felix*, 827 F. Supp. 2d at 436-37.

"Courts rely on a multitude of factors to determine constructive notice, including: 'the number of persons using the premises, the frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it.'" *Craig v. Franklin Mills Associates, L.P.*, 555 F. Supp. 2d 547, 549-50 (E.D. Pa. 2008) (quoting *Hagan v. Caldor Dep't Stores, Inc.*, No. 89-7810, 1991 WL 8429, at *4 (E.D. Pa. Jan. 28, 1991)). The time elapsed between the origin of the

defect and the accident is important because if a hazard only existed for a very short period before causing an injury, then the possessor of land would not, with exercise of reasonable care, have been able to discover the hazard. *Craig*, 555 F. Supp. 2d at 550 (citing *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. Ct. 2001); *Restatement (Second) of Torts § 343*). However, when the defect is "of a type with an inherently sustained duration," like a raised metal strip, a plaintiff need not produce evidence of how long the defect existed if a witness saw the defect immediately before or after the accident. *Neve*, 771 A.2d at 791; *Hartigan v. Clark*, 165 A.2d 647, 652 (Pa. 1960); *Stover v. Chester Downs Marina, LLC*, No. 23-1416, 2024 WL 1333363, at *4 (E.D. Pa. March 28, 2024). Generally, whether a possessor of land had constructive notice of a defect or hazardous condition is "within the providence of the jury." *Craig*, 555 F. Supp. 2d at 550. However, where the evidence requires the jury to resort to guess or speculation, the determination must be made by the Court. *Craig*, 555 F. Supp. 2d at 550 (citing *Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952)); *Felix*, 827 F. Supp. 2d at 437.

Here, even if the alleged defect existed at the time of the incident, Rodriguez provides no evidence that Mount Airy had constructive notice of the defect. Rodriguez admitted that when walking through the same entrance earlier in the day, she had no issues walking in and did not see the alleged condition. (Doc. 24-2, at 3). Plaintiff also testified that when exiting the Casino, her companion walking in front of her, did not have trouble walking where the alleged condition existed. (Doc. 24-2, at 4). The surveillance video confirms that Rodriguez's companion safely exited the Casino where the alleged condition existed. (Doc. 24-4). There is no record evidence to show that the defect was present for a duration sufficient to provide Mount Airy with constructive notice.

While a piece of raised metal is a defect of "inherently sustained duration," Rodriguez has not provided evidence of what the defect looked like before or after the fall other than her own testimony. *Neve*, 771 A.2d at 791 (citing *Hartigan*, 165 A.2d at 652) (finding a raised metal strip to be a defect of durable condition sufficient to not require plaintiff to show duration of defect if a witness saw the defect immediately before or after the accident); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (finding self-serving testimony cannot be used to obtain or avoid summary judgment when uncorroborated by other evidence of record). Taking all inferences in favor of Rodriguez, a reasonable jury could not find that Mount Airy had notice, actual or constructive, of the alleged defect. *See Winkler v. Seven Springs Farm, Inc.*, 359 A.2d 440, 443 (Pa. Super. Ct. 1976) ("Because no evidence was submitted to show that the door was in any way defective or that it had ever stuck prior to Mrs. Rosenberg's and Mrs. Winkler's use of it, I cannot say that the condition of the door would support an inference of negligence on the part of the appellant."). While a determination of constructive notice is generally a question of fact for the jury, "a jury cannot be permitted to return a verdict based on speculation and not supported by adequate evidence or reasonable inferences." *Winkler*, 359 A.2d at 442. Here, in the absence of evidence, the jury can only guess how long the hazardous condition existed before Plaintiff tripped. Under such circumstances, the jury cannot be permitted to render a verdict based on "conjecture, guess or suspicion," and the determination must be made by the Court. *See Craig*, 555 F. Sup. 2d at 554 (citing *Lanni*, 88 A.2d at 889). Accordingly Mount Airy's motion for summary judgment is **GRANTED**. (Doc. 24).

15

IV.    CONCLUSION

Based on the foregoing, Mount Airy's motion to strike the affidavit of Rodriguez's counsel is **GRANTED in part and DENIED in part** (Doc. 31), and Mount Airy's motion for summary judgment is **GRANTED**. (Doc. 24).

An appropriate Order follows.

**Dated: December 31, 2025**                    *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States District Judge**